### LOUISVILLE & NASHVILLE R. R. Co. *v.* WINN.

[66 South. 201.]

CARRIERS. *Carriage of passengers. Who are "passengers." Code* 1906,. *section* 4054.

Where plaintiff chartered a car of a railroad for the transportation of his household goods and a horse and cow the contract providing "one man allowed free as caretaker" and plaintiff took his place in the freight car with his property, in such case he was a passenger upon a freight train and the railroad company was not liable, except for gross negligence and carelessness of its servants as provided in Code 1906, section 4045.

APPEAL from the circuit court of Harrison county.
HON. JAMES H. NEVILLE, Special Judge.

Suit by J. F. Winn against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals.

Appellee chartered a car of the appellant at Biloxi, Mississippi, for transportation of his household goods

and a horse and cow from Biloxi to New Orleans, Louisiana. Under his contract with the railroad company, which provided, "One man allowed free as caretaker," appellee took his place in the freight car with his property. The car was then picked up by the local freight, which was to carry it to New Orleans, and the freight train did considerable switching before leaving the depot at Biloxi. Appellee claims that while engaged in switching, the train backed violently and knocked his horse and cow down. They were separated only by a rope, which appellee had stretched between them. Appellee said that he then went to the rescue of the horse to try and get him up, and while assisting him to his feet the train made another hard lunge and threw the horse toward appellee, and the horse stepped on appellee's foot and injured it. Appellee brought suit for the injury and recovered judgment for $1,000.

Section 4054 of the Code of 1906 provides as follows:

"Every railroad company shall be liable for all damages which may be sustained by any person in consequence of the neglect or mismanagement of any of its agents, engineers, or clerks, or for the mismanagement of its engines; but for injury to any passenger upon any freight train not being intended for both passengers and freight, the company shall not be liable, except for the gross negligence or carelessness of its servants."

Appellee contends that the railroad company is not excused from liability under the last clause of the above section, because he contends that under his contract with the railroad company he is not to be termed a passenger upon a freight train intended for both passengers and freight. The railroad company contends that appellee was a passenger upon a freight train, and that the company is not liable, except for gross negligence and carelessness of its servants.

The contract between appellee and the railroad company provides, among other things:

"2. The shipper has examined and found in good order and condition the car or cars provided by said carrier for the transportation of said animals, and hereby accepts the same and agrees that they are, as thus provided, suitable and sufficient for said purpose, and said shipper will at his own expense provide such bedding *or other suitable appliances* in said car or cars as will enable said animals to stand securely on their feet while in the same. . . ." Page 88 of the transcript of record.

And also:

"5. Said shipper will separate the different kinds of stock in said car or cars *by strong partitions,* which he will provide at his own expense and risk."

*Gregory L. Smith, Joel W. Goldsby* and *Horace Bloomfield,* for appellant.

The evidence in this case shows that the train was a local freight and not intended for passengers. That its business was the handling of freight from Mobile, Alabama to Bay St. Louis, Mississippi. It is held by many high authorities that at common law a railroad company may carry passengers on its freight trains, and when it does, it assumes, to a somewhat limited extent, the liability of a carrier of passengers, but that all persons take the risk incident to the mode of travel they adopt, not however, risks from negligence, and one who travels on a freight train assumes the risks incident to that mode of travel as, for example, risk of injuries from jerks or jolts incident to the moving of freight trains. 4 Elliott on Railroads (2d Ed.), 389; *Wait* v. *Omaha, K. C. & R. Co.,* 65 S. W. (Mo.) 1028; *Moore* v. *Saginaw T. & H. R. T. Co.,* 72 N. W. (Mich.) 1112.

At the time of the alleged accident the liability to passengers on freight trains was plainly set out by section 4054 of the Code of Mississippi of 1906, which is as follows: "Every railroad company shall be liable for all

damages which may be sustained by any person in consequence of the neglect or mismanagement of any of its agents, engineers, or clerks, or for the mismanagement of its engines, but for injury to any passenger upon any freight train not being intended for both passengers and freight, the company shall not be liable, except for the gross negligence or carelessness of its servants."

In the case of *A. L. Perkins* v. *Chicago, St. Louis & New Orleans Railroad Company,* 60 Miss. 726, in construing section 1045 of the Code of Mississippi of 1880, and quoting said section in the syllabus as follows: "For injury to any passenger upon any freight train not being intended for both passengers and freight, such company shall not be liable, except for gross negligence or carelessness of its servants." It was further said in the syllabus: "Where, in an action by a passenger for damages against a railroad company for injuries received as such passenger, it is shown that the train, on which the plaintiff was a passenger, was a freight train not intended for both passengers and freight, the plaintiff must show gross negligence on the part of the servants of the defendant before a recovery can be had in view of section 1045 of the Code of 1880." Campbell, C. J., in delivering the opinion of the court said as follows: "The train on which the appellant was a passenger was a freight train, not being intended for both passengers and freight," within the meaning of section 1045 of the Code of 1880 and the action of the circuit court upon the instructions was correct. The latter part of that section is a substitute for section 2 of the Act of March 15, 1876 (Acts 1876, 265), which employed the terms "mixed" or "accommodation" trains, "run for the accommodation of both passengers and freight." A train which is strictly a freight train, with only the appliances of such train, on which persons are not sought to be induced to take passage by the offer of other accommodations than are afforded by freight trains, cannot be said to be in-

tended for both passengers and freight, although all persons may become passengers by going into the conductor's caboose. They who take such passage on such a train cannot expect, and have no right to demand, the conveniences and attention required with respect to passenger trains or those intended by the carrier for both freight and passengers." *Illinois Central R. R. Co.* v. *White,* 82 Miss. 120, 52 So. 449; 33 Cyc. 763, 764; 33 Cyc. 815.

The peremptory instruction asked by appellant (instruction No. 8 for appellant), which reads as follows: "The court charges the jury that they ought to find a verdict for the defendant in this case." Under the authorities cited *supra,* should have been given and the court also erred in refusing to give the 9th instruction asked by the appellant, which reads as follows: "The court charges the jury that a railroad is not liable to a person who is riding upon a freight train for injuries which are caused by the mere negligence or carelessness of the train crew." The court also erred in refusing to give the 10th, 11th, and 12th instructions asked by appellant. For the reason set out in the assignment of error, and from the facts in this case we respectfully submit that the case should be reversed and remanded.

*Mize & Mize,* for appellee.

The appellant contends that it was entitled to a peremptory instruction under section 4054 of the annotated Code of 1906, which is as follows: "Every railroad company shall be liable of all damages which may be sustained by any person in consequence of the neglect or mismanagement of any of its agents, engineers, or clerks, or for the mismanagement of its engines; but for injury to any passenger upon any freight train not being intended for both passengers and freight, and the company shall not be liable, except for gross negligence or carelessness of its servants."

As this assignment of error lies at the very threshold of the case we will discuss it first. This case involves a construction of this section, and, in construing same, we contend that Winn, appellee, was not a passenger within the meaning of said section. In order to get at the proper construction of the statute, we will first have to find what the term "passenger," as used in said section, means. A passenger in the legal sense of the term is one who travels on some public conveyance by virtue of a contract, express or implied, with the carrier, as to the payment of fare or that which is accepted as the equivalent therefor. 5 Am. & Eng. Ency. Law, page 486.

We contend that this section is applicable only to passengers who pay passenger fare, or buy tickets and ride on freight trains; in other words, are passengers as the term is generally understood. This statute seems to be in derogation of common law. At common law, a carrier owes a passenger the same degree of care for his safety, regardless of the character of the car or train on which he is being carried, there being no distinction between freight and passenger trains provided the freight train carried passengers, and, since the statute is in derogation of the common law, it should be strictly construed. In construing a statute, the court should endeavor to interpret the will of the legislature at the time of the passage of the act; and, as Blackstone says at page 25, Chase's Edition, "the rule which is the fairest and most rational to interpret the will of the legislator is by exploring his intentions at the time the law was made. These are shown by the words in the context, the subject-matter, the effects and consequence, or the spirit and reason of the law." "Words are generally to be understood in their usual and most known signification." Hence the word, "passenger" in this statute should be interpreted in the light of the meaning of the legislature, according to the above quoted rule.

This statute exempts the carrier from liability for injury in the case of passengers on freight trains except in cases of gross negligence. What kind of a passenger? Surely a passenger for hire, as the term is commonly employed, and does not apply to a charterer of a car loaded with household goods, stock, etc. in which he is travelling with the stock and goods to its destination and while in said car, known as an emigrant car, is hurt by the carrier, but, as laid down by Blackstone, the most effectual way of discovering the true meaning of a law, and the intent of the legislators, is by considering the reason and spirit of it, or the cause which moved the legislature to enact it; for, when this reason ceases, the law itself ought likewise to cease.

The next assignment of error is that the court erred in refusing to give instruction No. 12 asked by appellant which falls within the assignment as to the statute above discussed, to wit: "The court charges the jury that when a man rides upon a freight train and the train crew negligently or carelessly handles the car upon which he is riding and by such carelessness or negligence, causes him to be injured, he has no right to recover damages from the company for such injury; before such a person can recover he must show that the train crew was guilty of gross or reckless negligence."

This brings us back to what we have been discussing about gross negligence. We say first, that this charge is not correct as asked, because it makes not only gross negligence a precedent of recovery, but also reckless negligence. This instruction tells the jury that even though they might believe that the train crew negligently or recklessly hurt appellee, he has no cause of action unless the negligence was gross or reckless. We cannot believe this to be the law until the supreme court says so. We have searched the law diligently for a case in point, and find no case of this kind under a statute like we have, and hence we are unable to give the court the

benefit of any case in point, and will have to rely on the reasons we have given.

We further contend, in view of that part of the section above quoted which says: "But for injury to any passenger upon any freight train not being intended for both passengers and freight, the company shall not be liable except for the gross negligence or carelessness of its servants." So far as appellee, Winn, is concerned, the train of which his car made a part was intended for both passengers and freight. When the appellant chartered him this car, it gave him permission, in fact, required him to ride in this car, and when said car was coupled up to the train, it then became a part of a train intended for both passengers and freight, within the meaning of the section. Within the meaning of this statute, the whole train did not have to be intended for both freight and passengers to enable the injured party to recover for mere negligence; but, if any part of it was intended for passengers and freight, then it was a train intended for both passengers and freight within the meaning of said statute.

The damages in this case are not excessive; in fact, are very small. The evidence shows that appellee's foot was crushed, causing traumatic neuritis and a deposit of scar tissue, making his injury a very severe one.

SMITH, J., delivered the opinion of the court.

This cause was tried in the court below on the theory that appellee was not a passenger within the meaning of section 4054 of the Code, and therefore that appellant's liability was not limited to injuries inflicted upon appellee by reason of "the gross negligence or carelessness of its servants." The contention of counsel for appellee is "that this section is applicable only to passengers who pay passenger fare or buy tickets," and not to persons traveling by virtue of contracts like the one here under consideration.

There can be no merit in this contention, for the reason that, since appellee's transportation was a part of the consideration of the contract by which the car in which he was traveling was chartered, he was a passenger under all of the authorities (Words and Phrases, 5218, 5219; *Railway Co.* v. *Ashley,* 67 Fed. 209, 14 C. C. A. 368; *Railway Co.* v. *Blumenthal,* 160 Ill. 40, 43 N. E. 809), and the statute makes no distinction between the different kinds of passengers, but applies to all alike. While the point here under consideration may not have been necessarily involved in the case of *Railroad Co.* v. *Burnsed,* 70 Miss. 437, 12 So. 958, 35 Am. St. Rep. 656, it is clear from the opinion therein that the court proceeded upon the theory that a person traveling pursuant to a contract like that here under consideration is a passenger within the meaning of the statute.

*Reversed and remanded.*